In the Matter of the Claim of DANIEL COCUZZA, Appellant, against JAMAICA ROOFING SHEET METAL WORKS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by a claimant from a decision and award of the Workmen's Compensation Board which awarded claimant, for a 25% disability, reduced earnings in the sum of $20.68 for a period of from December 1, 1952 to April 13, 1954. Appellant contends that the award is erroneous and that his earning capacity should have been fixed at the difference between his average weekly earnings prior to the accident and his actual earnings during the period stated. If computed in that fashion his reduced earnings would be $32 per week. Claimant was employed as a roofer and on October 21, 1948 he received an injury to his back during the course of his employment. His average weekly earnings at that time were $124.10 per week. After receiving compensation for total and partial disability to August 22, 1951 his case was closed by the board on August 7, 1952 "until such time as claimant produces competent evidence indicating lost time at reduced earnings, if any, attributed to disability resulting from the accident herein". In the same decision the board also found that claimant had been working at his usual trade as roofer and receiving the pre-

vailing rate of pay for that work; that the evidence did not indicate that he was incapable of performing his work as a roofer, except if at all, to a very limited extent which did not have any relative bearing upon his earnings; that if he lost any time the loss was not due to his alleged disability but to economic and other reasons unrelated to the accident. At hearings held prior to this decision motion pictures were exhibited by the employer and carrier which showed claimant working as a roofer during a period in which he claimed disability. While the carrier's appeal to the board from an award dated May 9, 1952 was pending the claimant left his work as a roofer and became a messenger for a dental laboratory at a weekly salary of $45. Thereafter the case was reopened upon request of claimant for submission of additional medical testimony. The basic issue involved, of course, was whether claimant was so disabled that he could not work at his regular occupation of a roofer. The medical testimony was conflicting. The board confirmed the referee's decision which in effect found that claimant was entitled to compensation only at the rate of a 25% disability, and reduced earnings in the sum of $20.68 per week, for the period from December 1, 1952 to April 13, 1954. We see nothing involved but an issue of fact which the board has resolved against claimant's contention that he was not able to do his regular work. Decision and award unanimously affirmed, without costs. Present—Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.